IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FLOYD CRAWFORD, on behalf of himself and all others similarly situated, ) ) | |
| ) | Civil Action No. |
| ) | 1:15-cv-03027-SCJ |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| THE REFINISHING TOUCH, INC., and ) MARIO INSEGNA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DECLARATION OF FLOYD CRAWORD IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION

### *STATEMENT OF PURPOSE*

THE PURPOSE OF THIS DECLARATION IS TO PROVIDE FACTS ESTABLISHING THAT THE DECLARANT AND OTHER FORMER AND CURRENT EMPLOYEES OF THE ABOVE NAMED DEFENDANTS ARE SIMILARLY SITUATED IN TERMS OF JOB REQUIREMENTS AND PAY PROVISIONS.

I, Floyd Crawford, under penalty of perjury, declare the following facts:

I.  IDENTIFICATION OF DECLARANT

1. I am over the age of 18 years and can testify to the facts in this Declaration. The contents of this Declaration are based on my personal knowledge. I have been given an opportunity to review the contents of this Declaration and to edit it and make any revisions I deem appropriate. No one has threatened or promised me anything to obtain Declaration.

## II. OVERVIEW OF THE REFINISHING TOUCH AND THE FURNITURE REPAIRER POSITION

2. From April 2014 to May 2015, I worked for The Refinishing Touch ("TRT"), Inc. and its President, Mario Insegna (TRT and Mario Insegna collectively referred to as "Defendants"), as a "furniture repairer" and in that capacity I performed furniture repair and refinishing for TRT's commercial customers. As used herein, the term "furniture repairer" refers to TRT workers that repaired and/or refinished furniture for TRT.

3. Where no specific date range is indicated in statements set forth within in my Declaration, I am referring to my experience and knowledge of the furniture repairer position during the entire time period I was employed by Defendants.

4. TRT is in the business of repairing/refinishing furniture for commercial clients, e.g. hotels, universities, and federal government facilities. TRT does not provide its services to the general public and it deals exclusively with commercial clients. TRT's physical office is located at 9350 Industrial Trace, Alpharetta, Georgia, 30004. TRT's furniture repairers perform work at TRT's shop, as well as sites located in the metropolitan Atlanta, Georgia area and beyond. All of TRT's furniture repairers are hired out of its Alpharetta, Georgia office.

5. Throughout my work experience with Defendants, Defendants had approximately 40-50 other furniture repairers working for them at any given

2

time, performing the same duties I performed, i.e., repairing or refinishing furniture for Defendants' commercial clients. I regularly worked alongside other furniture repairers performing the same job duties, while being supervised by TRT supervisors, which included TRT Crew Chiefs and Project Managers.

III. THE JOB REQUIREMENTS AND PAY PROVISIONS OF TRT FURNITURE REPAIRERS

6. The job duties of Defendants' furniture repairers, including myself consisted of furniture repair and/or refinishing, primarily consisting upholstering and refinishing sofas, chairs, and other furniture for Defendants' commercial clients.

7. Defendants' furniture repairers regularly worked over 40 hours in given workweeks. In particular, Defendants' furniture repairers typically worked 60, or more hours each week, depending on the job. For jobs I worked, I was provided with what Defendants called a "playbook" that set forth my minimum scheduled work hours. For example, one of the "playbooks" I was given for a job set forth my work schedule to be 8 a.m. – 6 p.m., Monday through Saturday. Defendants had on site supervisors at many of the jobs we (furniture repairers) worked that set and controlled our (furniture repairers) work schedule and supervised our work. On one job I worked in approximately October 2014, I worked alongside approximately 7 other furniture repairers under the supervision of a TRT crew chief.

8. Throughout my employment with Defendants, Defendants treated all of its furniture repairers as "independent contractors", and paid us on a piece

3

rate basis, without overtime compensation calculated at one and one-half times our regular rate for hours we worked in excess of 40 in workweeks.

9. For many of the jobs I worked, Defendants maintained project supervisors on site where we worked that supervised our day to day work. I often worked alongside other furniture repairers and we discussed the piece rate amount we were being paid for the work we performed. For example, at one point I was being paid a piece rate of $83 for completing upholstery work on sectional sofas, despite the fact each sofa took a very long amount of time to repair. The piece rate furniture repairers, including myself, were paid, was not increased when we worked in excess of 40 hours in a workweek, i.e. there was no premium paid for overtime hours. For example, when my piece rate was $83 for completing a sectional sofa, I would receive that piece rate amount multiplied by the number of sofas I completed in the week, without any regard to the number of hours I worked in the week. If I completed 10 sofas in the week, at a piece rate of $83, I would be paid $830, regardless of whether it took me 40 hours or 70 hours to complete the work.

10. I have personal knowledge that, during the entirety of my employment with Defendants, Defendants' furniture repairers: (1) performed the same primary duty of furniture repair, specifically upholstering and/or refinishing furniture; (2) were paid on a piece rate basis for each furniture item we worked on, without overtime compensation calculated at 1.5 times our regular rate for hours worked over (40) in given workweeks; (3) regularly

4

worked in excess of (40) hours in given workweeks; and (4) were treated as independent contractors rather than W-2 employees.

Case 1:15-cv-03027-SCJ Document 20-2 Filed 11/10/15 Page 5 of 6

11. Attached to my Declaration as "Exhibit A", are PDF screenshots of TRT's website as of September 30, 2015. As shown in the screenshots, TRT's website includes numerous representations that relate to the nature of Defendants' business, the services it provides, the type of workers it maintains on staff, as well as job postings (including a page titled "Careers" which links to a description of the furniture repairer positions and an "employment" application). (Exhibit A, pp. 1-4, TRT Furniture Upholster and Refinisher Job Descriptions) (Exhibit A, pp. 5-6, TRT Employment Application Linked to Furniture Upholsterer and Refinisher Job Descriptions).

12. TRT required me to sign an "Independent Contractor Agreement" that includes numerous false representations about the nature of the working relationship between myself and Defendants.

13. At no point in my employment with Defendants did I hire, fire, or retain other workers to work the jobs TRT assigned me to.

14. TRT provided all of the tools for the work I performed, assigned workers to work with me on jobs, and, in some instances, had me work by myself under supervision.

15. The work Defendants' furniture repairers performed was central to, and, in fact, the core service Defendants provide to their customers.

5

16. Defendants required furniture repairers to wear company tee shirts on job sites.

17. Defendants' furniture repairers, including myself, had no opportunity for profit or loss based on managerial skill as our sole job was to perform manual labor. Further, each job involved a set number of furniture pieces that we would work on, and we would simply work until the job was completed and receive our piece rate compensation for the pieces we completed. TRT is not open to the general public and they solely serve large commercial clients.

18. Throughout my employment with TRT, I was economically dependent on the wages I received from the company. Based on my communications with other TRT furniture repairers, the company has many furniture repairers that have worked for the business for three or more years.

19. I am personally aware of TRT furniture repairers who have indicated an interest in having the opportunity to join an overtime lawsuit against TRT to recover unpaid overtime wages, and I believe they would join this action if they received notice from the Court describing the case.

I have read the foregoing Declaration and declare under penalty of perjury that the foregoing is true and correct.

This 26 day of Oct., 2015.

Floyd Crawford