## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1.     **Consideration.**   In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a.     to pay to Plaintiff two thousand, three hundred and seventy-seven dollars ($2,377.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b.     to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th.  This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income.  This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2.     **No Consideration Absent Execution of this Agreement.**   Plaintiff understands and agrees that Plaintiff would not receive the monies  specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently.   Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3.     **Release, Claims Not Released and Related Provisions.**

a.     **Release of All Wage Claims**.  Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4.     **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

5.     **No Right to Employment or Services Relationship.**     Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them.     Plaintiff understands that should Plaintiff violate this Paragraph 5, Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

6.     **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.     Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7.     **Nonadmission of Wrongdoing.**     The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

8.     **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

9.     **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

10.    **Counterparts and Facsimiles.**    This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

11.    **Dismissal.**  The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF                                                      DEFENDANTS

By: _____              By: _____

Date: _____              Date: __12 – 15 – 16__

**SETTLEMENT AGREEMENT**

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1.     **Consideration.**   In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a.     to pay to Plaintiff three thousand, five hundred dollars ($3,500.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b.     to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income.   This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2.     **No Consideration Absent Execution of this Agreement.**   Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently.    Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3.     **Release, Claims Not Released and Related Provisions.**

a.     **Release of All Wage Claims**.  Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4.   **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

5.   **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

6.   **No Right to Employment or Services Relationship.** Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them. Plaintiff understands that should Plaintiff violate this Paragraph 6, Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

7.   **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8.   **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

9.    **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.    **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.    **Counterparts and Facsimiles.**    This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.    **Dismissal**  The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF                                DEFENDANTS

By:                                       By:

Date:   12/14/16                          Date:   12-19-16

Page 3 of 3

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a. to pay to Plaintiff one thousand and seventeen dollars ($1,017.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b. to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently. Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3. **Release, Claims Not Released and Related Provisions.**

a. **Release of All Wage Claims**. Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4. **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

5. **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

6. **No Right to Employment or Services Relationship**.   Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them.   Plaintiff understands that should Plaintiff violate this Paragraph 6,  Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

7. **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

9.   **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.   **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.   **Counterparts and Facsimiles.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument. A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.   **Dismissal.** The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF                                    DEFENDANTS

By: _Jonathan Mukunta_                       By: _____

Date: _12/14/16_                             Date: _12-8-16_

Page 3 of 3

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a. to pay to Plaintiff one thousand nine hundred seventy six dollars ($1,976.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b. to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently. Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3. **Release, Claims Not Released and Related Provisions.**

a. **Release of All Wage Claims**. Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4.   **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

5.   **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

6.   **No Right to Employment or Services Relationship.**   Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them.   Plaintiff understands that should Plaintiff violate this Paragraph 6,  Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

7.   **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8.   **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

9.     Amendment.  This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.     Entire Agreement.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.     Counterparts and Facsimiles.      This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.     Dismissal  The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

~~PLAINTIFF~~ Defendants                    ~~DEFENDANT~~ Plaintiff

By:                                           By:

Date: 12-19-16                              Date: 12/14/16

Page 3 of 3

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a. to pay to Plaintiff two thousand one hundred dollars ($2,100.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b. to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently. Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3. **Release, Claims Not Released and Related Provisions.**

a. **Release of All Wage Claims**. Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4. **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

5. **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

6. **No Right to Employment or Services Relationship.** Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them. Plaintiff understands that should Plaintiff violate this Paragraph 6, Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

9.   **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.   **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.   **Counterparts and Facsimiles**.     This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.   **Dismissal** The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF                                   DEFENDANTS

By: _____                By: _____

Date: 12/15/16                             Date: 12-15-16

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1.    **Consideration.**    In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a.    to pay to Plaintiff three thousand, one hundred and six dollars ($3,106.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b.    to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2.    **No Consideration Absent Execution of this Agreement.**    Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently.   Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3.    **Release, Claims Not Released and Related Provisions.**

a.    **Release of All Wage Claims.**   Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4. **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

5. **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

6. **No Right to Employment or Services Relationship.** Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them. Plaintiff understands that should Plaintiff violate this Paragraph 6, Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision. In the event of any breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

9.    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.    **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.    **Counterparts and Facsimiles.**    This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.    A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.    **Dismissal.** The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF  FREELY  AND  KNOWINGLY,  AND  AFTER  DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF                                      DEFENDANT'S

By: _Terry Lee Thurman Jr_            By: _____

Date: _12/14/16_                          Date: _12-14-16_

Page 3 of 3

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a. to pay to Plaintiff one thousand four hundred and three dollars ($1,403.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b. to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently. Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3. **Release, Claims Not Released and Related Provisions.**

a. **Release of All Wage Claims**. Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

    4.    **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

    5.    **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

    6.    **No Right to Employment or Services Relationship.** Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them.  Plaintiff understands that should Plaintiff violate this Paragraph 6,  Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

    7.    **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

    8.    **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

Dec 14 2016 07:21PM HP FaxMatanzas 12397659256          page 3
12/14/2016 13:33      From: 4045674778 Barrett and Farahany          Page: 6/6

9.    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.    **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.    **Counterparts and Facsimiles.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument. A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.    Dismissal. The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF                                    DEFENDANTS

By: _____          By: _____

Date: 12-14-10                          Date: 12-19-16

Page 3 of 3

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a. to pay to Plaintiff two thousand, four hundred and two dollars ($2,402.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b. to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently. Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3. **Release, Claims Not Released and Related Provisions.**

a. **Release of All Wage Claims**. Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4. **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

5. **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

6. **No Right to Employment or Services Relationship**.   Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them.   Plaintiff understands that should Plaintiff violate this Paragraph 6,   Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

7. **Governing Law and Interpretation.**   This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision.   In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.**   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

9.      **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.     **Entire Agreement.**   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.     **Counterparts and Facsimiles.**     This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.     **Dismissal.**  The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF                                                    DEFENDANTS

By:                                                          By:

Date:                                                        Date: 12-14-16

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1.    **Consideration.**    In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a.    to pay to Plaintiff two thousand six hundred and ten dollars ($2,610.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b.    to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2.    **No Consideration Absent Execution of this Agreement.**    Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently.    Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3.    **Release, Claims Not Released and Related Provisions.**

a.    **Release of All Wage Claims.**    Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

Page 1 of 3

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

## 4. Acknowledgments and Affirmations.

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

5. **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

6. **No Right to Employment or Services Relationship.** Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them. Plaintiff understands that should Plaintiff violate this Paragraph 6, Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

9.      **Amendment**.  This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.     **Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.     **Counterparts and Facsimiles**.    This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.     **Dismissal**.  The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF                                      DEFENDANTS

By: _Louis Hunter_                             By _____

Date ___12/14/16___                            Date _12-19-16_

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1. **Consideration.**  In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

   a. to pay to Plaintiff two thousand, seven hundred and seventy-four dollars ($2,774.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

   b. to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th.  This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income.   This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2. **No Consideration Absent Execution of this Agreement.**  Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently.   Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3. **Release, Claims Not Released and Related Provisions.**

   a. **Release of All Wage Claims**.  Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4. **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

5. **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

6. **No Right to Employment or Services Relationship.** Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them. Plaintiff understands that should Plaintiff violate this Paragraph 6, Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

9.      **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.     **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.     **Counterparts and Facsimiles.**    This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.     **Dismissal** The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF                          DEFENDANTS

By:                                By:

Date: Dec 14ᵗʰ 2016               Date: 12-19-16

Page 3 of 3

Scanned by CamScanner

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a. to pay to Plaintiff two thousand and thirty-three dollars ($2,033.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b. to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently. Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3. **Release, Claims Not Released and Related Provisions.**

a. **Release of All Wage Claims**. Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4.   **Acknowledgments and Affirmations.**

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and is not presently a party to any claim against DEFENDANTS, other than those asserted in XX pending in the United States District Court, Northern District of Georgia.

DEFENDANTS affirm that they have not filed, caused to be filed, and are not presently a party to any claim or counterclaim against Plaintiff.

5.   **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

6.   **No Right to Employment or Services Relationship**.   Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them.   Plaintiff understands that should Plaintiff violate this Paragraph 6,   Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

7.   **Governing Law and Interpretation.**   This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision.   In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8.   **Nonadmission of Wrongdoing.**   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

9.   **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10.   **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

11.   **Counterparts and Facsimiles.**   This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

12.   **Dismissal.**  The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below.

PLAINTIFF                                          DEFENDANTS

By: _____              By: _____

Date: _____                              Date: 12 - 19 - 16

Page 3 of 3

## SETTLEMENT AGREEMENT

DEFENDANTS and PLAINTIFF (including his/her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiff"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, DEFENDANTS agree:

a. to pay to Plaintiff three thousand, six hundred and fifty-two dollars ($3,652.00) as non-wage income for alleged damages, to be reported by Plaintiff as 1099 income, by December 24, 2016, contingent upon (1) DEFENDANTS' receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Georgia's approval of this Agreement, and (3) Plaintiff's provision of a Form W-9 to DEFENDANTS.

b. to pay to Barrett & Farahany LLP, the gross amount of one hundred and three thousand, three hundred dollars ($103,300.00) for attorneys' fees and costs in prosecuting the claims of all of the Plaintiffs by December 24th. This amount shall be reported as non-wage income to be reported by Barrett & Farahany LLP as 1099 income. This payment of fees and costs is not and will not be duplicative of the fees and costs in any other case between Plaintiff(s) and Defendants.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiff's Agreement to Dismiss with prejudice Plaintiff's claims pending in the United States District Court of the Northern District of Georgia and the agreement of all other Plaintiffs to dismiss their claims concurrently. Plaintiff will, pursuant to this Agreement, obtain the dismissal of all claims raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3. **Release, Claims Not Released and Related Provisions.**

a. **Release of All Wage Claims.** Plaintiff knowingly and voluntarily releases and forever discharges DEFENDANTS, their parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Plaintiff benefit plans and programs and their administrators and fiduciaries, as well as DEFENDANTS, their conservator, parent corporation, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries, and their insurers, of and from any and all wage claims, known and unknown, asserted or unasserted, which the Plaintiff has or may have against Releasees as of the date of execution of this Agreement,

including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA").

4.     **Non-Disparagement.** Except as required by law or as may occur in other litigation between the parties, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiff's relationship with DEFENDANTS, and/or, to the extent relevant, the circumstances surrounding Plaintiff's claims against DEFENDANTS, or otherwise cast a negative characterization upon the other party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so or direct or suggest that anyone file claims against, or sue the other party.

5.     **No Right to Employment or Services Relationship.**     Plaintiff acknowledges and agrees that Plaintiff has no present or future right to employment or independent contractor status or work with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them.     Plaintiff understands that should Plaintiff violate this Paragraph 5, Releasees have no obligation to interview, employ, engage or hire Plaintiff and that any of the Releasees' refusal to do so is not grounds for a legal claim or lawsuit.

6.     **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7.     **Nonadmission of Wrongdoing.**   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  Defendants continue to strongly assert that Plaintiff was an independent contractor and has never been an employee of Defendants for any purpose whatsoever.

8.     **Amendment.**  This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

9.     **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Agreement, except for those set forth in this Agreement.

10.  **Counterparts and Facsimiles.**   This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

11.  **Dismissal**  The Parties will file a Stipulation of Dismissal with Prejudice immediately after the approval of this Agreement and the payments referenced in Paragraph 1.

PLAINTIFF IS ADVISED THAT PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT.  PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO PLAINTIFF'S SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PLAINTIFF

By: _____

Date: _12-14-16_

DEFENDANTS

By: _____

Date: _12-15-16_